# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN C. BUCKLEY, | Case No. 1:17-cv-0883-BAM |
| Plaintiff, | **ORDER REVERSING AGENCY'S DENIAL OF BENEFITS AND ORDERING REMAND** |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.    INTRODUCTION

Plaintiff Susan Buckley ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") pursuant to Title II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A. McAuliffe.[1] Having considered the parties' briefs, along with the entire record in this case, the Court finds that the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence in the record as a whole and based upon proper legal standards. Accordingly,

---

[1]    The parties consented to the jurisdiction of a United States Magistrate Judge Barbara A. McAuliffe. (Docs. 7, 8).

the ALJ's decision is REVERSED and the case REMANDED for further proceedings consistent with this order.

## II.    BACKGROUND

Plaintiff applied for benefits on September 8, 2014, alleging disability beginning July 29, 2014, due to chronic pain secondary to her breast cancer treatment, double mastectomy, and subsequent failed breast reconstruction surgery. AR 158-164. Her application was denied initially and on reconsideration. AR 100-104, 109-113. On December 1, 2016, a hearing was held before Administrative Law Judge ("ALJ") Betty Roberts Barbieto. AR 41-75. Plaintiff appeared and testified along with her attorney. AR 41. The ALJ also heard testimony from impartial medical expert, psychiatrist John Schosheim, M.D., and impartial vocational expert, Jose L. Chaparro. AR 41.

Using the Social Security Administration's five-step sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 29, 2014, the application date. AR 22. The ALJ identified joint dysfunction as a severe impairment. AR 22. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or medically equal the severity of any of the listed impairments. AR 24.

Based on her review of the entire record, the ALJ found that Plaintiff had the following residual functional capacity (RFC):

> to perform light work as defined in 20 CFR 404.1567(b). Specifically, the claimant could lift and carry ten pounds frequently, twenty pounds occasionally; she can stand and/or walk for six hours out of an eight-hour workday; she can sit for six hours out of an eight-hour workday; she can occasionally climb ladders, ropes and scaffolds, stoop and crouch; and she is limited reaching [sic] in all directions including overhead with the right upper extremity.

AR 24.

Applying this RFC, the ALJ found that Plaintiff could return to her past relevant work as an expediter clerk and administrative clerk. Therefore, the ALJ concluded that Plaintiff is not disabled. AR 30. Following the ALJ's decision dated March 1, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final determination for purposes of judicial review. AR 1-6. This appeal followed.

III.   **LEGAL STANDARD**

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

IV.   **DISCUSSION** [2]

Plaintiff contends that the ALJ erred in relying on the testimony of the vocational expert in determining that she could perform her past relevant work as an expediter clerk and an administrative clerk. Specifically, Plaintiff argues that the requirements of those jobs as set forth in the Dictionary of Occupational Titles ("DOT") include "frequent" reaching, and, therefore, they are inconsistent with her residual functional capacity ("RFC"), which limited her ability to reach overhead and in all directions with her right upper extremity.   (Doc. 11 at 21-23).   Defendant responds that there is no conflict between Plaintiff's right arm reaching limitations and the occupational requirements in the DOT as neither position expressly requires reaching with both arms. (Doc. 12 at 13-15).

**A.**   **The ALJ's Reliance on the Vocational Expert Was Error**

**i.**   **Legal Standard**

At step five, the burden shifts to the ALJ to identify jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1520, 416.920; *see also Gutierrez v. Colvin*, 844 F.3d 804, 806 (9th Cir. 2016). In making this step five determination, the ALJ "may consult a series of sources including a VE and the DOT." *Lamear v. Berryhill*, 865 F.3d 1201, 1205 (9th Cir. 2017); *see also* Social Security Ruling ("SSR") 00-4p, 2000 SSR LEXIS 8, 2000 WL 1898704 (Dec. 4, 2000). "If the expert's opinion that the applicant is able to work conflicts with, or seems to conflict with, the requirements listed in the [DOT], then the ALJ must ask the

---

[2]       The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits.  Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

expert to reconcile the conflict before relying on the expert to decide if the claimant is disabled." *Gutierrez*, 844 F.3d at 807. However, an ALJ's duty to inquire about a conflict between the DOT and a vocational expert's testimony is "fact-dependent" and only required when the conflict is "obvious or apparent." *Id.* at 808.

### ii.     The Vocational Expert Testimony

At the administrative hearing, the VE classified Plaintiff's past relevant work as consisting of three jobs: (1) administrative clerk (semiskilled light work); (2) expediter clerk (semiskilled light work); and (3) health equipment servicer (skilled very heavy work). AR 70. The ALJ asked the VE to consider one hypothetical: whether a person of the same age, education and work experiences as Plaintiff could perform any of Plaintiff's past work if the individual was limited to lifting 20 pounds occasionally, 10 pounds frequently; can stand, walk, and sit for six hours in an eight-hour workday; pushing, pulling, and reaching overhead with the right upper extremity is limited; can occasionally climb ladders, ropes and scaffolds, and occasionally stoop and crouch. AR 71. With these limitations in mind, the VE responded the individual would be able to perform light work including: expediter clerk, (DICOT 221.387-026) and administrative clerk (DICOT 219.362-010). AR 30, 71. The ALJ asked the VE if his testimony was consistent with the DOT, and he testified that it was. AR 69. The ALJ adopted the VE's testimony and found that Plaintiff could perform the representative jobs of an expediter clerk and administrative clerk.[3] AR 30.

### iii.     Plaintiff's Ability to Reach

Plaintiff argues that the ALJ erred by failing to resolve the conflict between the VE's testimony and the DOT listings for the administrative clerk and the expediter clerk jobs. The ALJ "limited" Plaintiff (without degree of specification) in her ability to reach overhead and in all directions with her right upper extremity. AR 24. However, as Plaintiff observes, the jobs identified by the VE require more than limited reaching. Specifically, the DOT descriptions of expediter clerk and administrative clerk require frequent reaching. "Frequent" means occurring from one-third to two-thirds of the time, and "reaching" means "extending the hands and arms in any direction." *See* SSR 83–10; SSR 85–15, 1985 WL 56857, at *7; *Nelson v. Colvin*, 2016 WL 1532226, at *2–*3

---

[3]     Both positions also qualified as Plaintiff's past relevant work. AR 71.

(C.D. Cal. Apr. 14, 2016). In contrast, reaching "occasionally" means the activity is done only "up to 1/3 of the day." *See* 83-10, 1983 WL 31251, at *6; DOT 372.667-030.

Defendant contends that no conflict exists between Plaintiff's reaching limitation in her right arm and the VE's testimony that an individual with that limitation could perform the requirements for the two representative occupations. (Doc. 12 a 12-15). To support her argument, Defendant relies on *Gutierrez* where the Ninth Circuit held that a limited ability to reach overhead with one arm did not preclude a claimant from performing a job that required frequent reaching. *Gutierrez*, 844 F.3d 804. In *Gutierrez*, the VE testified that the claimant could work as a cashier despite her inability to reach above shoulder level with her right arm. *Gutierrez*, 844 F.3d at 807. The VE testified that his opinion was consistent with the DOT description of cashier, which stated that the position required "frequent" reaching but did not specify direction or arm. *Id.* The Ninth Circuit held that there was no apparent conflict between the VE's testimony and the DOT's requirement of frequent reaching because, based on common experience, it is "unlikely and unforeseeable" that a cashier would need to reach overhead, and even more rare for one to need to reach overhead with both arms. *Gutierrez*, 844 F.3d at 808–809 & 809 n.2.

Two critical distinctions exist, however, between the present case and *Gutierrez*. First, in *Gutierrez*, the claimant had an RFC that included a limitation regarding overhead reaching with her right arm, which the Court found did not conflict with the tasks of a cashier. *See Gutierrez*, 844 F. 3d at 807- 808. The Court explained that "not every job that involves reaching requires the ability to reach overhead." *Id.* at 808. Here, however, the ALJ made the finding that Plaintiff is limited in her ability to reach "in *all directions* including overhead with her right upper extremity." AR 24. *Gutierrez*, therefore, is not dispositive of any apparent conflict between the requirement of frequent reaching specified in the representative administrative and expeditor clerk positions and Plaintiff's "limits" in her ability to reach in all directions (not just above the shoulder) with her right arm.

Second, to the extent that Defendant relies on *Gutierrez* to argue that there is no conflict because the DOT descriptions of administrative and expediter clerk do not expressly require the use of both arms, her argument is unpersuasive following more recent Ninth Circuit authority. *See Lamear*, 865 F.3d 1201 (9th Cir. 2017). In *Lamear*, decided eight months after *Gutierrez*, the Commissioner argued that a claimant's functional limitations in one hand raised no apparent conflict

5

because the DOT did not expressly require the use of both hands. The Court declined to issue a definitive ruling on that issue, but stated that it could not determine from the record, the DOT, or common experience whether the jobs identified by the VE required both hands so as to say the error was harmless. *Id.* at 1206. Ultimately, the Court held it could not "say that, based on common experience, it is likely and foreseeable that an office helper, mail clerk, or parking lot cashier with limitations in his ability to 'handle, finger and feel with the left hand' could perform his duties" which required "frequent handling, fingering, and reaching." *Id.* at 1203.

The facts of this case are more analogous to the decision in *Lamear*. Here, like the mail clerk position in *Lamear*, the jobs of expediter clerk and administrative clerk are not so commonplace that "common experience" can easily resolve the conflict. *Id.* at 1205; *see also Masterson v. Berryhill*, 2017 U.S. Dist. LEXIS 132725, 2017 WL 3575525, at *4 (S.D. Cal. Aug. 18, 2017) ("[C]ommon experience does not dictate that it is likely and foreseeable that a mail clerk, small parts assembler, or garment folder with limitations on her ability to reach overhead with her right arm could perform her duties"); *Cochrane v. Berryhill*, 260 F. Supp. 3d 1317, 2017 U.S. Dist. LEXIS 76107, 2017 WL 2190066, at *14 (D. Or. May 18, 2017) ("[W]hile anyone who has walked into a corner grocery may be able to observe whether a cashier frequently reaches overhead, the same cannot be said for a photofinishing counter clerk which is a more specific position. Unlike a cashier, the 'job itself' is not familiar and thus, the record in this case does not support a conclusion that the ALJ's error is harmless.").

Moreover, the DOT description of the jobs of administrative clerk and expediter clerk strongly suggest that it is likely and foreseeable that using both arms would be necessary to perform "essential, integral, or expected" tasks in an acceptable and efficient manner. *Id.* According to the DOT, the general task of administrative clerk includes opening and routing mail, operating office machines, such as a typewriter, and preparing outgoing mail. *See* DOT 219.362-010, 1991 WL 671953 (administrative clerk). The general tasks of expediter clerk in the optical goods industry includes arranging work on a production line depending on schedule demands. *See* DOT 221.387-026, 1991 WL 672036. Additionally, both jobs require workers to "frequently" engage in reaching, which means that these types of activities could be necessary for as much as two-thirds of the workday. "Absent anything in the record to explain this apparent discrepancy," remand is

appropriate to allow the VE to reconcile these jobs with Plaintiff's right upper extremity reaching limitation. *Lamear*, 865 F.3d at 1206.

Accordingly, the Court finds that substantial evidence does not support the ALJ's conclusion that Plaintiff can perform work as an expediter clerk or an administrative clerk. *See* 42 U.S.C. § 405(g); *see also Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010) (the court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence).

## B. The Clarity of the Hypotheticals Posed to the VE

Furthermore, although not raised by either party, the Court finds that remand is additionally warranted to obtain new vocational expert testimony based on the vague and unquantifiable limitations posed to the VE.

Where an ALJ relies on the testimony of a VE at the Fifth Step of the sequential analysis, the ALJ must pose to the VE an accurate hypothetical. *See, e.g., Ostenbrock v. Apfel*, 240 F.3d 1157, 1162–63 (9th Cir. 2001). To be accurate, an ALJ's hypothetical to the VE must set out all of the claimant's impairments and limitations. *See, e.g., Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (*citing Baugus v. Sec'y of Health & Human Servs.*, 717 F.2d 443, 447 (8th Cir.1983)). The ALJ's depiction of the claimant's limitations must be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).

In this case, the ALJ asked the VE the following hypothetical question at the administrative hearing:

> [Q]: I have a hypothetical individual who has the same age, education, and work experience as our claimant. The hypothetical individual is able to operate with the following exertional limitations. The hypothetical individual is able to lift 20 pounds occasionally, 10 pounds frequently. Stand and walk with normal breaks for a total of six hours in an eight-hour day. Sit with normal breaks for a total of six hours in an eight-hour day. Pushing and pulling is limited in upper extremities. More specifically, the right upper extremity. And the individual has the following postural limitations. Roping and – climbing ramps and stairs unlimited. Ladders, ropes, and scaffolds occasionally. Balancing and kneeling unlimited. Stooping occasionally and crouching occasionally. The hypothetical individual has unlimited crawling and reaching right overhead is limited. Handling and fingering is unlimited. Feeling is unlimited. There are no visual, communicative, or environmental limitations. Can such an individual do any of the claimant's past work.

> [A]: Yes. This hypothetical person would be able to perform expediter clerk and administrative clerk only.

7

AR 70-71.

Here, the limitations posed to the VE are impermissibly vague. The ALJ specified that Plaintiff is "limited" in her ability to reach, however, the ALJ failed to define the degree of this limitation. The DOT typically refers to the extent to which functions are performed as either constant, frequent, occasional, or rare. Plaintiff assumes that the ALJ intended to limit her to "occasional" or "rare" reaching. However, this is speculative at best. On one hand, Plaintiff's limited reaching ability could preclude her from constant reaching, but allow her to reach frequently. It is equally likely that a claimant with a "limited" ability to reach is unable to reach frequently. Nevertheless, without a sufficient explanation from the ALJ, Plaintiff's "limited reaching" does not match the DOT such that it could be applied by the VE in considering Plaintiff's limitations. Reversal is warranted so that the ALJ may clarify her questions to the VE.

### C.     The Court Declines to Address Plaintiff's Remaining Arguments

Having found that remand is warranted, the Court declines to address Plaintiff's remaining arguments. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

### D.     Remand is Required

The decision whether to remand for further proceedings or order an immediate award of benefits is within the Court's discretion. *See Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at 1179 ("the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Id.*

Here, there are outstanding issues that must be resolved before a final determination can be made.  Specifically, the ALJ's failure to inquire as to the conflict between the VE's testimony and the DOT was error.   On remand, the ALJ must take the testimony of a VE to determine whether there are jobs in the national economy that Plaintiff is able to perform despite her reaching limitations.   Although the Court understands the importance of expediting disability claims; remanding this case for further administrative proceedings will serve a useful purpose in the resolution of this case. *Varney v. Sec'y of Health & Human Serv*., 859 F.2d 1396, 1401 (9th Cir. 1988).   The Court therefore concludes that remand for further administrative proceedings is appropriate.

**V.     CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's disability determination warrants remand.  Accordingly, the decision is REVERSED and the case REMANDED to the ALJ for further proceedings consistent with this decision.  The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff.


IT IS SO ORDERED.

Dated:   **September 27, 2018**            /s/ *Barbara A. McAuliffe*
                                                                  UNITED STATES MAGISTRATE JUDGE