**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUSAN C. BUCKLEY<br><br>        Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No.: 1:17-cv-0883-BAM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d)**<br><br>(Doc. No. 16) |

**I.     INTRODUCTION**

Plaintiff Susan C. Buckley commenced this social security action on July 3, 2017. (Doc. No. 1.) On September 28, 2018, the Court reversed the decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff's application for disability insurance benefits, remanded this action for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and entered judgment for Plaintiff. (Doc. Nos. 14, 15.)

Presently pending before the Court is Plaintiff's motion for attorneys' fees in the amount of $7,580.03[1] pursuant to the Equal Access to Justice Act (the "EAJA"). (Doc. No. 16.) After carefully

---

[1] The motion initially requested a total of $4,673.76 as compensation for 31.80 hours of attorney time calculated at a rate of $196.79 for work performed in 2017 and $200.78 for work performed in 2018. (Doc. No. 16.) However, Plaintiff submitted a supplemental EAJA fee request in her reply for a total of $7,489.31, which included an additional 5.65 hours of attorney time and was calculated using the readjusted statutory rate of $201.60 for work performed in 2018 and 2019. (Doc. No. 19.) Having reviewed the records submitted, the amounts requested in the motion and reply appear to be based

1

considering the parties' briefing, the Court's record, and the applicable law, Plaintiff's motion for fees and expenses pursuant to the EAJA is GRANTED.

## II. DISCUSSION

### A. Plaintiff is Entitled to EAJA Fees.

The EAJA provides, in relevant part:

> (A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
>
> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.
>
> (C) The court, in its discretion may reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy.

28 U.S.C. § 2412(d)(1)(A)-(C).

Here, Plaintiff is the prevailing party because the Court remanded the matter for further administrative proceedings. *Gutierrez v. Barnhart,* 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded.") Plaintiff's application for EAJA fees is timely because it was filed within thirty days of the Court

---

upon mathematical errors. According to the supporting declarations, the motion seeks compensation for 12.6 hours of work performed in 2017, 19.65 hours of work performed in 2018, and 5.65 hours of work performed in 2019, for a total of $7,580.03 calculated using the statutory maximum rates of $196.79 for 2017 and $201.60 for 2018 and 2019.

2

entering final judgment. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (holding a sentence four remand becomes a final judgment for purposes of attorneys' fees under the EAJA upon expiration of the time for appeal).

Moreover, based upon the record, the Court finds that the Commissioner's position was not substantially justified and there are no special circumstances that would make an award of fees unjust. *See Corbin v. Apfel,* 149 F.3d 1051, 1053 (9th Cir.1998) ("While the government's defense on appeal of an ALJ's procedural error does not automatically require a finding that the government's position was not substantially justified, the defense of basic and fundamental errors such as the ones in the present case is difficult to justify."); *Sampson v. Chater,* 103 F.3d 918, 921–22 (9th Cir.1996) (finding no substantial justification where the Commissioner "did not prove that her position had a reasonable basis in either fact or law" and "completely disregarded substantial evidence" of the onset of disability); *Thangaraja v. Gonzales,* 428 F.3d 870, 874 (9th Cir.2005) ("[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'") (citations omitted).

In considering whether the government's position is substantially justified, courts consider the position taken in the civil action as well as the action or failure to act by the agency upon which the civil action is based. *Meier v. Colvin,* 727 F.3d 867, 870 (9th Cir. 2013). Here, the Court found that the Administrative Law Judge ("ALJ") erred in relying on the testimony of the vocational expert in determining that Plaintiff could perform her past relevant work because the requirements of those jobs were inconsistent with her residual functional capacity. (Doc. No. 14.) This failure contravened the law of this circuit and both the ALJ's error and the Commissioner's subsequent litigation position were not substantially justified. *See Sorenson v. Mink,* 239 F.3d 1140, 1145 (9th Cir. 2001) ("a district court that awards attorney fees must 'provide a concise but clear explanation of its reasons for the fee award.'") (citation omitted). In her opposition, the Commissioner does not argue that her position was substantially justified or that special circumstances exist that make an award unjust. *See Gutierrez v. Barnhart,* 274 F.3d at 1258 ("It is the government's burden to show that its position was substantially justified or that special circumstances exist to make an award [of EAJA fees] unjust.").

The Court accordingly finds that the Commissioner's position was not substantially justified, and Plaintiff is entitled to an award of fees pursuant to the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

### B. The Requested Fee is Reasonable

An award of attorneys' fees pursuant to the EAJA must be reasonable. 28 U.S.C. § 2412(d)(2)(A); *Perez-Arellano v. Smith,* 279 F.3d 791, 794 (9th Cir. 2002). The applicant bears the burden of demonstrating the reasonableness of the request. *Blum v. Stenson,* 465 U.S. 886, 897 (1984). In determining whether a fee is reasonable, the Court considers the reasonable hourly rate, the hours expended, and the results obtained. *See Comm'r, INS v. Jean*, 496 U.S. 154, 163 (1990); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998).

#### 1. Hourly Rates

The EAJA provides that fee awards should be "based upon prevailing market rates for the kind and quality of the services furnished," and that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja,* 428 F.3d at 876-77; http://www.ca9.uscourts.gov.

Here, Plaintiff requests the published maximum rates of $196.79 for 2017 and $201.60 for 2018 and 2019. See 28 U.S.C. § 2412(d)(2)(A); *Thangaraja,* 428 F.3d at 876-77; Ninth Circuit Rule 39-1.6. The Commissioner has not challenged these requested rates. (*See* Doc. No. 18.) The Court finds the requested rates to be reasonable in light of the kind and quality of services furnished, as well as the lack of argument suggesting otherwise by the Commissioner. The Court will therefore apply Plaintiff's requested rates in calculating the attorneys' fees owed under the EAJA.

#### 2. Number of Hours

"A district court has wide latitude in determining the number of hours that were reasonably expended by the prevailing lawyers" and may reduce the hours requested if the time claimed is excessive, redundant, or otherwise unnecessary. *Sorenson*, 239 F.3d at 1146; *Cunningham v. County of Los Angeles,* 870 F.2d 481, 484 (9th Cir. 1988), *cert. denied,* 493 U.S. 1034, 110 S.Ct. 757, 107 L.Ed.2d 773 (1990). Plaintiff seeks compensation for a total of 37.9 hours of attorney time spent on this matter.

4

(Doc. Nos. 16, 19.) The Commissioner raises a number of challenges to the number of hours expended by Plaintiff's attorney and argues that they should be reduced to a total of 24.1 hours. (*See* Doc. No. 18.)

As an initial matter, the Court notes that the request here appears to be reasonable on its face. The claimed 37.9 hours is within the range of attorney time that would be expected to have been expended on this matter consistent with the Court's prior awards. *See Costa v. Comm'r. of Soc. Sec.,* 690 F.3d 1132, 1137 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *see also Kuharski v. Colvin*, 2015 WL 1530507, *1-2, 6 (E.D. Cal. Apr. 3, 2015) (40.80 hours awarded where claimant's attorney required to oppose cross-motions for summary judgment and a motion to amend the judgment); *Boulanger v. Astrue*, 2011 WL 4971890, *2 (E.D. Cal. Oct. 19, 2011) (58 hours awarded where cross-motions for summary judgment filed by the parties); *Watkins v. Astrue*, 2011 WL 4889190, *1 (E.D. Cal. Oct. 13, 2011) (awarding 62 hours where cross-motions for summary judgment filed, the administrative record was 700 pages and opening brief was 55 pages long); *Vallejo v. Astrue*, 2011 WL 4383686, *4 (E.D. Cal. Sept. 20, 2011) (approving 62.1 hours where case fully briefed); *Dean v. Astrue,* 2009 WL 800174, *2 (E.D. Cal. Mar. 25, 2009) (approving 41 hours where remand ordered after filing a motion for summary judgment on client's behalf); *Thompson v. Colvin*, 2015 WL 1767733, at *2 (E.D. Cal. Apr. 16, 2015) (finding 63.4 hours to be a reasonable amount of time); *Parks v. Berryhill,* 2017 WL 5619685, at *2 (E.D. Cal. Oct. 16, 2017) (finding 29.55 hours to be a reasonable amount of time); *Stamper v. Colvin*, (finding 51 hours to be a reasonable amount of time).

Instead of conceding this point and working towards a stipulation, the government asks the Court to conduct a line-by-line analysis of counsel's billing entries—a practice that numerous courts have declined to do as such efforts are an unnecessary drain on judicial resources. *See, e.g., Stewart v. Sullivan*, 810 F. Supp. 1102, 1107 (D. Haw. 1993); *Vallejo v. Astrue*, 2011 WL 4383636, at *4 (E.D. Cal., Sept. 20, 2011); *Destefano v. Astrue*, 2008 WL 623197, at *4 (E.D.N.Y. Mar. 4, 2008); *San v. Comm'r of Soc. Sec.,* 2016 WL 500576, at *6 (E.D. Cal. Feb. 8, 2016). Notably, Plaintiff submitted a declaration in support of her reply stating that she attempted to resolve this matter by stipulation prior to filing the motion, but the Commissioner did not engage in an informal meet and confer process and responded to counsel's efforts to do so by instructing her to file a motion. (Doc. No. 19 at 8.) Given

the above, the Court reminds the parties that they are encouraged to resolve future attorney fee requests through independent negotiations. While the Court appreciates the government's efforts to reduce the amount of attorneys' fees paid, as discussed further below, Plaintiff ultimately received a higher award because of the amount of time spent litigating the instant motion. Counsel is reminded that this is one of the busiest Courts in the nation. Indeed, in many social security cases, the Court is often asked to extend time for the government to respond to scheduling deadlines, based upon the ground of the pressing workload. More prudent negotiation strategies will not only save time and prevent unnecessary delay, but also result in decreased fee awards and less work for the attorneys and the Court.

### a. Work Performed Prior to the Filing of the Complaint

The Commissioner first argues that work Plaintiff's counsel performed prior to the commencement of the civil action is not compensable under the EAJA and, therefore, 1.2 hours spent reviewing the ALJ's decision for issues subject to appeal and timeliness should be excluded from any award. (Doc. No. 18 at 3.) In support of this argument, the Commissioner cites to 28 U.S.C. § 2412(d), *Melkonyan,* 501 U.S. at 92, *Presley v. Colvin,* 3:14-cv-01814-JD (N.D. Cal. May 10, 2016), and *Mendenhall v. NTSB,* 213 F.3d 464, 469 (9th Cir. 2000). However, neither the statute nor the cases cited by the Commissioner stand for the proposition that the EAJA disallows compensation for work performed in preparation for a civil action.

28 U.S.C. § 2412(d) requires the Court to award to a prevailing party "fees and other expenses . . . incurred by that party in any civil action[.]" In *Melkonyan,* the Supreme Court noted that work performed in administrative proceedings is generally not compensable under the EAJA, with a limited exception for those administrative proceedings conducted while a civil complaint remains pending "and depends for its resolution upon the outcome of the administrative proceedings." 501 U.S. at 97 (internal quotation marks and citation omitted). *Melkonyan* did not hold that work performed in preparation for filing a civil action was non-compensable under the EAJA. The same is true of *Mendenhall,* in which the Ninth Circuit held only that work performed in administrative proceedings prior to filing a civil action could not be compensated pursuant to the EAJA. 213 F.3d at 468. *Presley* is equally unpersuasive, as the district court in that case reduced an award under the EAJA for time spent before the complaint was filed because the plaintiff did not address those items on reply. 3:14-cv-01814-JD

(N.D. Cal. May 10, 2016). *Presley* did not discuss whether the disallowed time was performed in an administrative proceeding or in preparation for the civil action.

"As a practical matter, some work must be performed to initiate the civil suit, a part of which includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the action." *Garcia v. Colvin*, 2013 WL 5347494, at *5 (E.D. Cal. Sept. 23, 2013) This work is compensable under the EAJA because it is "clearly related to the civil action" and "wholly separate from the underlying administrative proceedings[.]" *Id.*; *see also San v. Comm'r of Soc. Sec.,* 2016 WL 500576, at *4 (E.D. Cal. Feb. 9, 2016); *Thompson v. Astrue,* 2012 WL 5949218, at *2 (E.D. Cal. Nov. 28, 2012); *Tate v. Colvin,* 2013 WL 5773047 at *4 (E.D. Cal. Oct. 24, 2013). Here, the 1.2 attorney hours at issue were not expended for work performed during an administrative proceeding. Instead, this time was spent reviewing the case in order to pursue a civil action in federal court seeking judicial review of the Commissioner's decision. The cases that the Commissioner relies upon do not preclude Plaintiff from seeking compensation for work performed in preparation for this civil action. Accordingly, the Court finds that no reduction is warranted.

### b. Time Expended on Reply Brief

The Commissioner further contends that the 5.50 hours Plaintiff's attorney spent drafting the reply brief is unreasonable because she previously spent a cumulative total of 21.65 hours reviewing the record, preparing the confidential letter brief and opening brief, and reviewing the Commissioner's opposition brief, and "only raised two issues." (Doc. No. 18 at 3.) The Commissioner contends that the amount of time spent preparing the reply brief should be reduced to 1 hour. (*Id.*) Plaintiff asserts that counsel's time was expended in a reasonable manner that included reviewing the record and preparing a brief that "properly and appropriately respond[ed] to the government's opposition[.]" (Doc. No. 19 at 5.)

In *Moreno v. City of Sacramento,* the Ninth Circuit held that district courts must provide an adequate explanation for awarding a significantly lower number of hours than the prevailing party requests. 534 F.3d 1106, 1112–13 (9th Cir. 2008). The *Moreno* court explained that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" because

"[t]he payoff is too uncertain." *Id.* at 1112. As a result, courts generally must defer to the "winning lawyer's professional judgment as to how much time he was required to spend on a case." *Id.*

The Commissioner seeks a reduction of more than eighty percent of the hours of work Plaintiff's counsel performed in preparing the reply brief. (Doc. No. 18 at 3.) In *Costa v. Commissioner of Social Security Administration,* the Ninth Circuit reviewed a district court's reduction of the hours requested by the prevailing party for preparation of the opening brief. 690 F.3d 1132, 1134 (9th Cir. 2012). The district court in *Costa* reduced the number of requested hours by half on the grounds that the issues in the case were not novel or complex and the brief was not very long. *Id.* However, applying *Moreno,* the Ninth Circuit found this was not a sufficiently specific basis to reduce the requested fees, particularly given the magnitude of the reduction. *Id.* at 1136–37. Likewise, the amount of time Plaintiff's counsel spent performing other tasks and the number of issues raised by the opening brief are insufficient bases to conclude that 5.50 hours to consult the lengthy administrative record, perform any necessary legal research, and prepare responses to the multiple arguments that the Commissioner raised in her opposition brief was so unreasonable that the Court should significantly reduce the number of hours requested. Accordingly, the Court finds the time spent preparing a reply brief was reasonable given the work performed and the issues involved, and no reduction of time is warranted.

### c. EAJA Petition and Reply

The Commissioner argues that Plaintiff's EAJA petition "largely consists of boilerplate language" and should be reduced from the requested 2.50 hours to .5 hours, which is an amount that "is commensurate with what other courts in this jurisdiction have awarded for this task." (Doc. No. 18 at 3.) The Commissioner further contends that Plaintiff should not be awarded any fees at all for preparing a reply in support of her motion. (*Id.* at 4.)

Time spent establishing the entitlement to and amount of EAJA fees is compensable. *Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 981 (9th Cir. 2008); *Love v. Reilly*, 924 F.3d 1492, 1497 (9th Cir. 1991); *Cathey v. Comm'r of Soc. Sec.,* 2013 WL 1695950, at *7 (E.D. Cal. 2013). Here, Plaintiff seeks an award compensating for 2.5 hours spent preparing the motion, including the supporting memorandum, accompanying declarations of Melissa Newel and Susan C. Buckley, and proposed order.

(Doc. No. 16 at 8.) Plaintiff seeks an additional 5.65 hours for time spent reviewing the Commissioner's opposition to the motion and preparing a reply. (Doc. No. 19 at 8-9.)

In arguing that the amount of time spent preparing the motion should be reduced, the Commissioner cites to a series of decisions in which the Court reduced the amount of time spent preparing an EAJA fee motion after a series of requests filed by the same attorney were virtually identical and contained billing entries that had previously been disallowed. *See Forsythe v. Astrue,* 2013 WL 1222032, at *5 (E.D. Cal. Mar. 25, 2013); *Reyna v. Astrue,* 2011 WL 6100609, at *4 (E.D. Cal. Dec. 6, 2011); *Stairs v. Astrue*, 2011 WL 2946177, at *3 (E.D. Cal. July 21, 2011), *aff'd, Stairs v. Comm'r of Soc. Sec.,* 522 F. App'x 385 (9th Cir. 2013). One such decision explained that the attorney "continues, in case after case, to include the same entries that have been disallowed in prior cases. And she continues to resist court direction to more fully detail the billing entries to permit the Court and her adversary to accurately evaluate her time claims." *Reyna,* 2011 WL 6100609, at *4. Another noted that, after "review[ing] *numerous* EAJA fee motions submitted by [the attorney] . . ., it has become apparent to the Court that the EAJA motions, and even the billing statements, are *extremely* similar." *Stairs,* 2011 WL 2945177, at *3. And while she was entitled to compensation for preparing the EAJA fee motion, "the repetitive nature of her billing statements warrant[ed] a reduction in time." *Id*.

In contrast, there is no indication that Plaintiff's counsel has requested compensation for billing entries that have been disallowed in prior cases, that the instant motion is virtually identical to other EAJA motions filed by the same attorney, or that any other circumstances warrant a reduction of hours spent preparing the instant motion and reply. In addition to drafting the moving papers and supporting declarations, preparation of an EAJA fee motion typically requires counsel to review time records to make sure time is properly and accurately billed to the client and that no privileged information is disclosed by the motion. *See Forsythe v. Astrue,* 2013 WL 1222032, at *5 (E.D. Cal. Mar. 25, 2013.) The Court, in reviewing the reasonableness of the hours at issue, is mindful of the deference owed to the professional judgment of a prevailing party's attorney as to how much time was required to spend on the case. *See Moreno,* 534 F.3d at 1112. With this deference in mind, and considering the circumstances of this case, including that the motion was fully briefed, the Commissioner raised several arguments in opposition to the motion to which Plaintiff's counsel was required to research and reply,

and the Commissioner did not respond to Plaintiff's attempts to resolve the motion by stipulation, the Court finds the time expended by Plaintiff's counsel on preparing the EAJA fee motion and reply to be reasonable.

### 3. Results Obtained

With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment remanding the case for further administrative proceedings. Having reviewed the itemization of hours spent, the Court finds that the requested amount of fees is consistent with the result obtained.

### C. Plaintiff is the Proper Payee Under the EAJA

An attorney fee award under the EAJA is payable to the litigant and is therefore subject to a government offset to satisfy any pre-existing debt owed to the United States by the claimant. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010). Subsequent to the decision in *Ratliff*, some courts have ordered payment of the award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA fees, provided that the plaintiff has no debt that requires offset. *See Blackwell v. Astrue*, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, 2011 WL 976484, at *2–3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010). Other courts have refused to award EAJA fees directly payable to the plaintiff's counsel, noting, however, that the government could, after subtracting any offset, waive the requirements of the Assignment of Claims Act and make payment directly to the plaintiff's counsel. *See Ybarra v. Comm'r of Soc. Sec.,* 2014 WL 6833596, at *3–4 (E.D. Cal. Dec. 3, 2014); *Matthews v. Astrue,* 2013 WL 500955, at * 1 (D. Ariz. Feb.11, 2013); *Smith v. Astrue,* 2012 WL 3114595, at * 6 (N.D. Cal. July 31, 2012).

Plaintiff requests that any fee award be awarded to Plaintiff's counsel pursuant to a fee assignment executed by Plaintiff in favor of her attorney. (Doc. No. 16.) However, the Commissioner asserts that she has not waived the requirements of the Anti-Assignment Act and has not determined whether Plaintiff owes a federal debt. (Doc. No. 18 at 5.) Under these factual circumstances, the Court concludes that the EAJA fee award shall be made payable to Plaintiff. However, if Plaintiff does not owe a government debt, this order shall not be construed to preclude the payment directly to

Plaintiff's counsel pursuant to Plaintiff's assignment should the government waive the requirements of the Anti−Assignment Act.

**III.     CONCLUSION AND ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion for attorneys' fees and expenses under the EAJA (Doc. No. 16) is **GRANTED**;

2. Plaintiff is awarded fees and expenses in the total amount of $7,580.03 pursuant to the EAJA; and

3. If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti−Assignment Act, 31 U.S.C. § 3727, the fee award may be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of her interest in the fee award.

IT IS SO ORDERED.

Dated:   **April 4, 2019**                    /s/ *Barbara A. McAuliffe*
                                                                        UNITED STATES MAGISTRATE JUDGE